UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

ANTHONY McCHRISTIAN,

                Petitioner,

v.

PATRICK GLEBE,

                Respondant.

CASE NO. C12-5185 BHS

ORDER ADOPTING REPORT AND RECOMMENDATION

This matter comes before the Court on the Report and Recommendation ("R&R") of the Honorable J. Richard Creatura, United States Magistrate Judge (Dkt. 13) and Petitioner Anthony McChristian's ("McChristian") objections to the R&R (Dkt. 14).

On June 18, 2012, Judge Creatura issued the R&R recommending that the Court deny both of McChristian's grounds for relief on the merits. Dkt. 13. On June 23, 2012, McChristian filed objections. Dkt. 14. On July 9, 2012, the State filed a response and referred the Court to its previous briefing. Dkt. 15.

The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to. Fed. R. Civ. P. 72(b)(3). McChristian has

ORDER - 1

objected to both parts of Judge Creatura's recommendation and the Court will address each ground for relief.[1]

**A.   Ground One – Improper Sentencing**

McChristian's first ground for relief is that the trial judge improperly imposed a 60-month mandatory minimum sentence in addition to the 93-month sentence. Dkt. 1 at 7–12. Judge Creatura based his recommendation on the conclusion that McChristian was requesting that the Court expand federal law instead of showing that the state court adjudication violated clearly established federal law. Dkt. 13 at 6–7. McChristian objects to Judge Creatura's framing of the issue and

> argues that the Sixth Amendment was implicated because the state court found facts which resulted in an increased maximum potential sentence—depriving McChristian of any good time for the duration of the five year mandatory minimum.

Dkt. 14 at 2.

The Sixth Amendment reserves to juries the determination of any fact, other than the fact of a prior conviction, that increases a criminal defendant's maximum potential sentence. *Apprendi v. New Jersey*, 530 U.S. 466 (2000); *Blakely v. Washington*, 542 U.S. 296 (2004). Under *Apprendi*, "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." 530 U.S. at 490. In *Blakely*, the Court clarified that the relevant "statutory maximum" for *Apprendi* purposes

---

[1] The facts and state court procedural history are set forth in the R&R and need not be repeated here.

ORDER - 2

"is the maximum sentence a judge may impose solely on the basis of the facts reflected in the jury verdict or admitted by the defendant." 542 U.S. at 303. In other words, "the relevant 'statutory maximum' is not the maximum sentence a judge may impose after finding additional facts, but the maximum he may impose without any additional findings." *Id.* at 303–04.

The Washington State Supreme Court has held that *Blakely* does not apply to exceptional minimum sentences. *State v. Clarke*, 156 Wn.2d 880, *cert. denied*, 552 U.S. 885 (2007). In *Clarke*, the court reasoned that "[i]n order to violate the Sixth Amendment under *Blakely*, Clarke's exceptional minimum sentence must exceed the relevant statutory maximum" even though the trial judge based the exceptional minimum sentence on the finding of two separate aggravating factors. 156 Wn.2d at 884–886.

In this case, the trial judge imposed a mandatory minimum sentence under RCW 9.94A.540 depriving McChristian of the opportunity to accumulate earned release time or "good time." Dkt. 9, Exh. 2. In order to impose this sentence, the trial judge found that "the offender used force or means likely to result in death or intended to kill the victim . . . ." RCW 9.94A.540(1)(b). The state court concluded that

> McChristian's 60-month mandatory minimum sentence did not increase the penalty for first degree assault beyond the statutory maximum standard range sentence. Thus, a judicial finding that McChristian's crime met the requirements of RCW 9.94A.504(1)(b) is sufficient under *Blakely*.

Dkt. 9, Exh. 2 at 8–9.

McChristian does not argue that the imposition of the mandatory minimum increased his sentence beyond the maximum standard range for the crime he was

ORDER - 3

convicted of or, in other words, beyond the maximum the trial judge could have imposed within the statutory range without any additional findings.  Instead, he argues that the denial of good time exceeded the statutory maximum regardless of whether the denial of good time would result in McChristian's ultimate sentence falling with the standard range for first degree assault.  Although McChristian presents an interesting theory, he fails to cite any Supreme Court precedent for his proposition.  Thus, he has failed to show that the state court adjudication was contrary to clearly established federal law.  Moreover, he fails to show that the state court adjudication was an unreasonable application of *Blakely*. *See Harrington v. Richter*, 131 S. Ct. 770, 786–787 (2011) ("a state prisoner must show that the state court's ruling on the claim being presented in federal court was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement.")  Therefore, the Court adopts the R&R and denies McChristian's petition on his first ground for relief.

**B.     Ground Two – Prosecutorial Misconduct**

McChristian's second ground for relief is based on the theory that the prosecutor made misstatements of the law during closing argument that reduced the State's burden of proof resulting in a violation of McChristian's constitutional right to due process of law.  Dkt. 1 at 13–21.  The flaw with McChristian's position is that the "in for a dime, in for a dollar" theory of accomplice liability may be implemented for varying degrees of the crime charged, but may not be used for different crimes.  For example, an individual "in for the dime" of second degree assault is "in for the dollar" of first degree assault, but is not "in for the dollar of murder."  *See State v. Roberts*, 142 Wn.2d 471, 513 (2000)

1  ("an accomplice need not have knowledge of each element of the principal's crime in
2  order to be convicted under RCW 9A.08.020. General knowledge of 'the crime' is
3  sufficient.").

4  Judge Creatura recommended that the Court deny this ground for relief for two
5  reasons.  First, the state court adjudication involved the state court interpreting its own
6  law and federal habeas relief does not lie for mere errors of state law.  Dkt. 13 at 8–9
7  (citing *Estelle v. McGuire*, 502 U.S. 62 (1991); *Lewis v. Jeffers*, 497 U.S. 764 (1990);
8  *Pulley v. Harris*, 465 U.S. 37, 41 (1984)).  The Court agrees, because McChristian is
9  challenging the state law principle that general knowledge of the crime of assault is
10 sufficient to obtain a conviction for first degree assault.  Therefore, the Court adopts the
11 R&R on this basis and denies McChristian's second ground for relief.

12 Second, McChristian attempts to frame the issue as a denial of due process.  He
13 contends that this matter is controlled by "the recent United States Supreme Court
14 decision in *Waddington v. Sarausad*, 555 U.S. 179 (2009)."  Dkt. 1 at 18.  *Sarausad*,
15 however, involved accomplice liability based on the theory of "in for a dime" of assault,
16 "in for a dollar" of murder.  *Sarausad*, 555 U.S. at 193.  Moreover, the Court found that
17 upholding the conviction in light of the prosecutor's "one problematic hypothetical" was
18 not an objectively unreasonable application of federal law.  *Id*. at 194–195.  Judge
19 Creatura concluded that McChristian's argument on this issue fails on the merits.  The
20 Court agrees, as McChristian has failed to show an objectively unreasonable application
21 of *Sarausad*, much less any evidence in the record that the prosecutor confused the jury
22

1  as to an accomplice's liability for two separate crimes. Therefore, the Court adopts the

2  R&R on this basis and denies McChristian's second ground for relief.

3        The Court having considered the R&R, McChristian's objections, and the

4  remaining record, does hereby find and order as follows:

5        (1)    The R&R is **ADOPTED**;

6        (2)    McChristian's petition is **DENIED**;

7        (3)    A Certificate of Appealability is **DENIED**; and

8        (4)    This action is **DISMISSED**.

9  Dated this 9th day of August, 2012.

*[Signature]*

BENJAMIN H. SETTLE
United States District Judge

ORDER - 6